## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is executed as of December 16, 2015, and is made by and between SHARON LAGAMBA (the "Claimant"), and HMSHOST TOLLROADS, INC. ("Host").

## RECITALS

A. The Claimant filed a Complaint styled Sharon *Lagamba v. HMS Tollroads, Inc.,* , Case Number: 5:15-cv-03366-EGS, in the United States District Court for the Eastern District of Pennsylvania (the "Civil Action"), claiming that Host violated the Fair Labor Standards Act (the "FLSA");

B. Host denies that it is liable to the Claimant under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of the Claimant's employment by Host. The Claimant acknowledges that Host's settlement of the Civil Action (under the terms described in this Agreement) does not constitute an admission of liability or an admission of any wrongdoing by Host now or at any time;

C. The parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims the Claimant may have against Host related to the Civil Action, or otherwise;

D. The Claimant understands that she has the right to consult with an attorney before signing this Agreement. The Claimant has, in fact, consulted with her attorneys at Klafter, Olsen & Lesser LLP, and has been fully informed about the terms and conditions of this Agreement by her attorneys. After carefully considering this Agreement, the Claimant has elected to participate in the settlement and to execute this Agreement. By executing this Agreement, the Claimant understands the terms and conditions of this Agreement, knows that she is giving up important rights, has elected to participate in the settlement, acknowledges that she has signed the Agreement knowingly and voluntarily, and further acknowledges that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. The Claimant further represents and warrants that she has not relied on any inducements, promises, or representations by Host or any other person, other than the terms and conditions set for in this Agreement. By executing this Agreement, the Claimant agrees that her counsel may dismiss with prejudice the Civil Action; and

E. The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. **Settlement Funds.** Without admitting any liability, Host has offered to pay, and the Claimant has agreed to accept from Host, the total sum of $12,625.00 (the "Settlement Payment") in full settlement and satisfaction of all of the Claimant's claims against Host –

including, without limtiation, any claims that were or could have been asserted in the Civil Action and the Claimant's claims for attorneys' fees and costs.

2. **Judicial Approval of Settlement and Dismissal of Civil Action.** Upon receipt of the fully executed Agreement, the Parties shall file in the Civil Action a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. The parties agree that, at Host's sole option and in Host's sole discretion, this Agreement shall be null and void in the event that the Court fails to approve this Agreement or dismiss the Civil Action with prejudice.

3. **Payment of Settlement Funds.**

Within ten (10) business days of the Court's approval of the settlement, Host shall pay or cause to be paid the Settlement Payment, which shall be disbursed as follows:

**SHARON LAGAMBA:** (1) $2,000.00, minus applicable withholding or deductions, in satisfaction of her claim in the Civil Action for unpaid overtime compensation pursuant to the FLSA and/or analogous state law; (2) $2,000.00 in satisfaction of her claim for liquidated damages under the FLSA and/or analogous state law; and (3) $500.00 in satisfaction of any other claims she has, may have, or has ever had against Host and the other Releasees (defined below) as of the date she executes this Agreement. All payments set forth above shall be made by check made payable to the Claimant.

**KLAFTER, OLSEN & LESSER LLP:** $8,125.00 (check made payable to the firm) in satisfaction of any claim by the Claimant and/or her attorneys against Host for an award of attorneys' fees and costs in connection with the Civil Action.

Host shall issue the appropriate IRS forms W-2 and/or 1099 for the amounts set forth above. It is expressly understood and agreed that the Claimant has not relied whatsoever upon any advice from Host or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits transferred hereunder. The Claimant and Klafter, Olsen & Lesser LLP shall complete the appropriate W-4 or W-9 forms to allow Host to process payment of the Settlement Payment.

4. **The Claimant's Release of Host.** In consideration of the sums and benefits described in this Agreement, the Claimant hereby forever discharges and releases Host, and its parent, subsidiary and affiliated companies, and its and their agents, officers, shareholders, directors, employees, successors and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under or in concert with any of the persons or entities listed in this Paragraph, and each and all of the foregoing (collectively "Releasees") individually and collectively, from all Claims. Claims refers to and includes any and all pending or future claims, charges, demands, causes of action, damages, complaints, expenses and compensation which the Claimant now has or may in the future have, or which any person or entity may have on her behalf (a) on account of or arising out of any matter or thing which has happened, developed or

Error! No property name supplied.

occurred before the date of this Agreement; and/or (b) arising from the Claimant's employment with Host, her separation from employment with Host, her other relationships and dealings with Host and other Releasees, and the Claimant's separation from such other relationships or dealings; and/or (c) asserted in the Civil Action; and/or (d) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Pennsylvania's Minimum Wage Act, 43 P. S. §§ 333.101 et al.; and/or (e) for unpaid compensation, overtime, or wages; and/or (f) for retaliation of any kind; and/or (g) arising out of or under the common law contract or tort; and/or (h) any other claims that may have arisen under any anti-discrimination statutes or laws, such as Title VII of the Civil Rights Act of 1964, § 1981 of the Civil Rights Act of 1866 and Executive Order 11246, which prohibit discrimination based on race, color, national origin, religion or sex; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With Disabilities Act and § 503 and § 504 of the Rehabilitation Act of 1973, which prohibit discrimination against the disabled; the Genetic Information Nondiscrimination Act of 2008, which prohibits discrimination based on genetic information; and any other federal, state or local law or regulation prohibiting retaliation or discrimination on the basis of race, color, national origin, religion, gender, disability, age, marital status, sexual orientation, gender identity, genetic information or any other protected characteristic, and/or any other action, claim or charge under any Federal, State or local law, rule, regulation, executive order or guideline. The Claimant hereby waives, discharges and releases Host and all Releasees from any damages or relief of whatever nature or description, including, but not limited to, compensatory and punitive damages and equitable forms of relief, as well as any claim for attorneys' fees or costs, related to any Claims. **THE CLAIMANT FURTHER ACKNOWLEDGES AND AGREES THAT THIS IS A GENERAL RELEASE & WAIVER AND THAT, BY SIGNING THIS AGREEMENT, SHE IS SIGNING AND AGREEING TO SUCH A GENERAL RELEASE & WAIVER.**

   5. **Release Extends to Known and Unknown Claims, Suspected and Unsuspected Claims.** The Claimant understands that the General Release & Waiver in Paragraph 4 covers claims that the Claimant knows about or suspects as well as those that she does not know about or does not suspect. The Claimant understands the significance of her release of unknown and unsuspected claims and waiver of statutory protection against a release of unknown claims and/or unsuspected claims. The Claimant expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown and unsuspected claims. The Claimant understands and agrees that if any facts with respect to this Agreement or the Claimant's prior treatment by or employment with Host, are found to be different from the facts now she believes to be true, the Claimant expressly accepts, assumes the risk of, and agrees that the Agreement shall remain effective notwithstanding such differences. The Claimant agrees that the various items of consideration set forth in the Agreement fully compensate for said risks, and that Claimant will have no legal recourse against the Releasees in the event of discovery of a difference in facts.

   6. **No Other Suits or Claims.** The Claimant represents that she has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Host with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board; nor is she aware of any facts that would serve as the basis for any civil or administrative proceeding. Specifically, the Claimant acknowledges and agrees that with Host's

Error! No property name supplied.

payment of the Settlement Payment, she has been properly paid for all hours worked, and that she is not entitled to any other wages, benefits, compensation or payments from Host. By entering into this Agreement, the Claimant waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Host and/or the other Releasees that occurred on or prior to the date she executed this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, or any other federal, state or local governmental agency. The provisions of this paragraph shall not bar the Claimant from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which she is compelled lawfully to do so pursuant to a court order or subpoena. Nothing in this Agreement is intended to prevent the Claimant from cooperating in a federal, state or local investigation.

7. **No Right of Employment.** The Claimant disclaims and waives any right to future employment with Host, or with any of the Releasees, and further agrees not to seek employment with Host, or any of the Releasees, now or at any future time. The Claimant also agrees to waive any right to perform work for Host, or any of its related entities, in the future in any capacity (e.g., as an independent contractor or temporary worker). The Claimant acknowledges that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to employ or otherwise engage her.

8. **Indemnification.** The Claimant agrees to indemnify and hold harmless Host from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Payment set forth in paragraph 1. The Claimant further agrees to indemnify and hold harmless Host from any claims of any attorney or law firm purporting to represent or to have represented the Claimant in any dispute with Host. This indemnification includes any attorneys' fees and costs incurred by Host.

9. **Confidentiality.** Claimant (on her own behalf and on behalf of her counsel) agrees that neither she nor her counsel shall disclose, publicize or make public statements about this settlement or its terms, except as required by law to secure approval of this settlement. After Final Approval, Claimant's counsel may disclose facts related to this action and settlement only as allowed by rules of professional responsibility, subject to the requirements of this paragraph, to the extent the requirements of this paragraph do not conflict with the rules of professional responsibility. *The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this confidentiality provision.*

10. **Agreement to Cooperate With Host.** The Claimant agrees to assist Host in any formal or informal legal matters in which the Claimant is named as a party or has knowledge relevant to the matter and to fully cooperate with Host in the defense of any pending and/or future litigation, claim, charge or investigation commenced by a third party against Host, to the reasonable satisfaction of Host. Such assistance and cooperation may include, but will not be limited to, providing information the Claimant may have with regard to the matter, aiding in

Error! No property name supplied.

drafting of declarations, executing declarations or similar documents, testifying or otherwise appearing at investigation interviews, depositions, arbitrations or court hearings and preparing for such and similar activities. The Claimant understands that the Claimant will be reimbursed for all reasonable expenses for the Claimant's cooperation under this Paragraph, and that the Claimant in rendering such services will be acting as a bona fide independent contractor.

11. **No Admission of Liability.** The Claimant understands and agrees that the Releasees admit no liability with respect to the Civil Action or any other claim related to or arising out her employment by Host or any other matters. Host and the other Releasees expressly deny liability for any and all claims asserted by the Claimant, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

12. **Medicare.** The Claimant acknowledges and warrants as true and correct that she is not a Medicare beneficiary as described under Section 1862(b) of the Social Security Act.

13. **Enforcement.** Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable. In the event there is litigation regarding the interpretation or enforcement of this Agreement, the prevailing party shall be entitled to recover her or its attorneys' fees and costs.

14. **Severability and Survival.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

15. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, as they are applied to contracts made and to be wholly performed in Pennsylvania, regardless of choice of law principles to the contrary.

16. **Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts with jurisdiction over Chester County, Pennsylvania, over any claims arising under or relating to this Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

17. **Non-assignment of Claims or Causes of Action.** The Claimant warrants and represents that she has made no assignment and covenants that she will make no assignment of the claims, demands or causes of action released herein.

18. **Interpretation.** This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Specifically, all parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include

the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of this Agreement

19. **Execution in Counterparts.** The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

20. **Recitals.** The recitals are incorporated by reference.

21. **Entire Agreement.** This Agreement comprises the entire agreement between the parties regarding the matters contained herein. This Agreement has been entered into by the Claimant with a full understanding of its terms, with an opportunity to consult with counsel and without inducement or duress. The Claimant acknowledges that no promise or agreement not expressed in this Agreement has been made to the Claimant. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding of its subject matters.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Dated this 16th day of December, 2015

_____
SHARON LAGAMBA

HMSHOST TOLLROADS, INC.

_____
By:   Chuck Powers

Its:   Executive Vice President,
        Chief HR Officer

Error! No property name supplied.

the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of this Agreement

19. **Execution in Counterparts**. Signature: *S LaGamba*
Sharon K LaGamba (Dec 15, 2015)
Agreement may be executed in any number
Email: boyds@ptd.net
instrument, and that any facsimile signature has the full force and effect of an original signature.

20. **Recitals**. The recitals are incorporated by reference.

21. **Entire Agreement**. This Agreement comprises the entire agreement between the parties regarding the matters contained herein. This Agreement has been entered into by the Claimant with a full understanding of its terms, with an opportunity to consult with counsel and without inducement or duress. The Claimant acknowledges that no promise or agreement not expressed in this Agreement has been made to the Claimant. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding of its subject matters.

NOW, THEREFORE, the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Dated this _____ day of December, 2015

*S LaGamba*
Sharon K LaGamba (Dec 15, 2015)
_____
**SHARON LAGAMBA**


**HMSHOST TOLLROADS, INC.**

_____

By:_____

Its:_____

Page 6 of 6

Error! No property name supplied.